## Case No. 1,824.

### BRECKENRIDGE v. AULD.

[4 Cranch, C. C. 731.][1]

Circuit Court, District of Columbia. Oct. Term, 1836.

MALICIOUS PROSECUTION—PLEADING — COMPLAINT —SUFFICIENCY.

1. To support an action for a malicious arrest, it is necessary for the plaintiff to show, not only that it was made maliciously, but without probable cause.

2. A ca. sa. upon a judgment is good cause of arrest, and a declaration for a malicious arrest, showing such cause, is bad on demurrer.

At law. Action upon the case for maliciously causing the plaintiff to be arrested upon a writ of capias ad satisfaciendum issued upon a judgment in the name of one Smoot for the benefit of [Colin] Auld against the plaintiff, [James W.] Breckenridge. The declaration stated the judgment and the ca. sa., and averred that the defendant, Auld, maliciously caused the plaintiff to be arrested thereupon, when he (the defendant, Auld) knew himself to be indebted to the plaintiff (Breckenridge) in a sum larger than the amount due upon the ca. sa. To this declaration the defendant demurred.

Mr. Taylor, for defendant.

There must be not only malice, but there must be the want of probable cause of arrest. But the declaration shows the best possible cause, namely, a judgment and ca. sa.; and, therefore, whatever might be the malice, the plaintiff cannot recover on this declaration. 1 Chitt. 136, 137; Belk v. Broadbent, 3 Term R. 185. Besides, the declaration does not show that Breckenridge offered to set off his claim against Auld; and there was no statute of set-off in Virginia. And the suit upon which the ca. sa. issued is not at an end. The execution is still in the power of the court in Virginia. Breckenridge might have an audita querela, or a motion to quash, or to enter satisfaction. Bing. Ex'ns, 269; Moore v. Chapman, 3 Hen. & M. 260.

Mr. Neale, contra, contended that the motive gives the cause of action; and that it is sufficient to prove that Auld, when he caused Breckenridge to be arrested on the ca. sa., knew that he was indebted to Breckenridge in a larger sum. That the suit was terminated by the arrest of B. upon the ca. sa. Keightley v. Birch, 3 Camp. 521; Rogers v. Brewster, 5 Johns. 125; Cooper v. Booth, 3 Esp. 135, 144; Norris' Peake, [Ev.] 479; Wetherden v. Embden, 1 Camp. 295; 2 Chit. 291, 295; 3 Chit. 419.

THE COURT (nem. con.) was of opinion that the declaration was bad.